THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD PRICE, Appellant.

1016

Rabin, Acting P. J., Martuscello and Benjamin, JJ., concur. Munder, J., dissents and votes to affirm the judgment, with the following memorandum, in which Kleinfeld, J., concurs: As I see it, the majority finds reversible error in that Drayden's statement was read to the jury and that the jury was thereafter permitted to examine it firsthand. I find no error in either regard. There is specific statutory authority for the admission into evidence of a statement such as the one made by Drayden. Section 8-a of the Code of Criminal Procedure provides that such a statement may be introduced for impeachment purposes. That was what was done

here. At the time the statement was introduced, the trial court made clear to the jury that it was to be considered solely to impeach Drayden's testimony and not as proof of defendant's guilt. This caution was again emphasized in the court's charge. This procedure is "'so firmly imbedded in our law of evidence that the citation of authority is scarcely required'" (*People* v. *Freeman*, 9 N Y 2d 600, 605; see, also, *People* v. *Askew*, 19 A D 2d 130). Interestingly, the majority points to no particular portion of the statement which it claims is hearsay or prejudicial and therefore should have been excluded (see, e.g., *People* v. *Welch*, 16 A D 2d 554, 558–559). Drayden was asked at the trial whether he had seen defendant on March 1, 1969 at the Club 8, whether he had seen defendant at all on that day, whether he had been in an automobile with him on that day and whether he had discussed a robbery of a plastics factory with him. The witness responded in the negative to all these questions. Only then was his statement offered by the People. Under these circumstances, the entire statement was properly admitted and considered (see *People* v. *Troche*, 32 A D 2d 1055, affd. 26 N Y 2d 820, cert. den. 400 U. S. 837). Once the statement was admitted into evidence, albeit for a limited purpose, the jury was free to examine it just as it would any other exhibit offered as proof.